IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| THE BOHAN AGENCY, INC., | ) |
| Plaintiff, | ) ) ) |
| v. | ) Civil Action No. 3:10-cv-0495 |
| FAZOLI'S SYSTEM MANAGEMENT, LLC, | ) JUDGE Nixon ) Magistrate Griffin |
| Defendant. | ) ) |

## CASE MANAGEMENT ORDER

Pursuant to the Court's Order of May 21, 2010, the parties respectfully submit their Proposed Case Management Order. Accordingly, it is hereby ORDERED as follows:

**A.  Status of Service of Process and Responsive Pleadings**

Defendant Fazoli's System Management, LLC ("Fazoli's") was served on June 3, 2010, and Fazoli's filed an Answer on June 23, 2010.

**B.  Jurisdiction and Venue**

The Court has jurisdiction under 28 U.S.C. § 1332. Venue is proper under 28 U.S.C. § 1391(a).

**C.  Mandatory Initial Disclosures**

Pursuant to Fed. R. Civ. P. 26(a)(1), all parties must make their initial disclosures within 14 days after the initial case management conference.

**D.  Brief Theories of the Parties**

1.  **Plaintiff**

Plaintiff, The Bohan Agency, Inc. (the "Bohan Agency") is a for-profit corporation that provides advertising and marketing services. The parties entered into an Advertising Agreement

("Advertising Agreement"), on or about August 1, 2007. A copy of the Advertising Agreement is attached to the Complaint. The Advertising Agreement provided that the Bohan Agency would provide Fazoli's with advertising services for which the Fazoli's would pay the Bohan Agency.

Fazoli's breached the Advertising Agreement by failing to make payments for services provided pursuant to the Advertising Agreement. Fazoli's has even failed to pay for invoices that it has approved and attempted to withhold the payments in order to extort concessions from the Bohan Agency on its other claims.

The Advertising Agreement also provided that either party could terminate the Advertising Agreement by providing written notice to the other party, at least ninety (90) days in advance of such termination. Defendant also breached the Advertising Agreement by refusing to make payments to Plaintiff for the final (90) days of the Advertising Agreement.

The Bohan Agency is entitled to recover from Fazoli's the amounts set forth in its invoices, late fees, expenses and attorneys' fees as provided in the Advertising Agreement.

2. **Defendant**

Fazoli's signed the original Letter of Agreement (the "Advertising Agreement" or the "Agreement") with the Plaintiff on or about August 24, 2007. The parties subsequently modified the Agreement by decreasing the monthly retainer fee to $50,000 commencing in November 2009. Fazoli's properly canceled its Agreement with the Plaintiff in March 2010 and remitted monthly retainer fees to the Plaintiff through March 2010. Fazoli's has not requested that the Plaintiff perform any work under the Agreement since March 2010, and the Plaintiff is not entitled to continue to receive the monthly retainer fee or any other payment under the Agreement after March 2010, except for certain pass-through website work by a third-party vendor for which Fazoli's is paying. Plaintiff has improperly submitted invoices to Fazoli's for

2

prior projects or services that were not approved in advance by Fazoli's in writing as required under the Agreement. Any compensation to the Plaintiff for such unapproved projects or services was included in and covered by the monthly retainer fees already remitted by Fazoli's through March 2010. Nevertheless, Fazoli's has attempted in good faith to resolve this dispute. On the other hand, the Plaintiff prematurely filed this lawsuit in the course of those discussions and, therefore, is estopped from seeking recovery of any attorney's fees and expenses it may have incurred.

E. **Issues Resolved**

    1. **Service.** See above.

    2. **Jurisdiction and Venue.** See above.

F. **Issues In Dispute**

Whether Fazoli's breached the Advertising Agreement with The Bohan Agency, and if so, the amount of damages sustained.

G. **Discovery**

The parties shall complete all written discovery and depose all fact witnesses on or before December 17, 2010.

H. **Disclosure of Experts**

The Bohan Agency shall identify and disclose all expert witnesses and expert reports on or before January 7, 2011. Fazoli's shall identify and disclose all expert witnesses and expert reports on or before February 11, 2011.

I. **Depositions of Expert Witnesses**

The parties shall depose all expert witnesses on or before March 11, 2011.

J. Discovery-Related Motions

The parties shall file all discovery related motions on or before March 15, 2011.

K.  **Dispositive Motions**

Dispositive motions shall be filed on or before April 15, 2011. Responses shall be filed within 28 days of the filing of any dispositive motion, and replies shall be filed within 14 days of the filing of any response.

L.  **Trial Dates and Time**

The Parties anticipate that this matter shall be ready for trial on or about September 12, 2011. The Parties expect the trial to last approximately two days.

It is so **ORDERED**.

_____
Magistrate Juliet Griffin

APPROVED FOR ENTRY:

  /s/ Nader Baydoun
Nader Baydoun   3077
Stephen C. Knight   15514
Christopher J. Oliver - 20918
Baydoun & Knight, PLLC
Fifth Third Center, Suite 2650
424 Church Street
Nashville, Tennessee 37219-2461
(615) 256-7788

*Attorneys for Plaintiff*
*The Bohan Agency, Inc.*

  /s/ Stephen H. Price
Stephen H. Price
Erika R. Barnes
STITES & HARBISON, PLLC
401 Commerce Street, Suite 800
Nashville, TN  37219-2376
Telephone:  (615) 244-5200
Facsimile: (615) 742-7226
Email: stephen.price@stites.com
          erika.barnes@stites.com

*Attorneys for Defendant Fazoli's Systems Management, LLC*

4