IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

THE BOHAN AGENCY, INC.        )
                              )    No. 3-10-0495
v.                            )
                              )
FAZOLI'S SYSTEM MANAGEMENT,   )
LLC                           )

O R D E R

By contemporaneously entered order, the Court has approved and entered the parties' proposed case management order, with one minor modification addressed at the initial case management conference held on June 28, 2010. That modification and other matters addressed on June 28, 2010, are as follows:

1. Any motion to amend the pleadings shall be filed by November 15, 2010.

2. Any discovery motion shall be filed by March 15, 2011. The parties are encouraged to schedule a telephone conference call with the Court as soon as any dispute arises that the parties are not able to resolve themselves and prior to filing any discovery motion, particularly if a discovery dispute arises late in the discovery process and could affect a dispositive motion.

3. The defendant was directed to file, by July 2, 2010, a notice of the citizenship of the members of the defendant limited liability company to confirm that there is diversity jurisdiction in this case.[1] The defendant filed the required notice on June 28, 2010 (Docket Entry No. 8).

---

[1] As addressed on June 28, 2010, the analysis of citizenship of a limited liability company, for purposes of diversity jurisdiction, must end with the citizenship of corporations or individual persons. See Grupo Dataflux v. Atlas Global Group, L.P., 541 U.S. 567, 569, 124 S.Ct. 1920, 158 L.Ed.2d 866 (2004); Carden v. Arkoma Assocs., 494 U.S. 195, 195-96, 110 S.Ct. 1015, 108 L.Ed.2d 157 (1990); Maiden v. North Am. Stainless, L.P., 125 Fed.Appx. 1, 3-4 (6th Cir. Dec. 15, 2004); Glancy v. Taubman Ctrs., Inc., 373 F.3d 656, 672 (6th Cir. 2004); Homfeld II, L.L.C. v. Comair Holdings, Inc., 53 Fed.Appx. 731, 732-34 (6th Cir. Dec. 3, 2002); Koetters v. Ernst & Young, LLP, 2005 WL 1475533 *1 (E.D. Ky. June 21, 2005).

4. The parties anticipate little discovery of electronically stored information. Therefore, they are exempted from the provisions of Administrative Order No. 174, entitled "Default Standard for Discovery of Electronically Stored Information ('E-Discovery')," entered July 9, 2007.

5. Counsel anticipate that the principals of the parties will continue settlement discussions, and they hope that the case can be resolved in the near future.

6. Counsel for the parties shall convene a telephone conference call with the Court on **Tuesday, August 24, 2010, at 2:00 p.m.,** to be initiated by counsel for the defendant, to address the status of settlement discussions, the propriety of ADR, and, if an settlement does not appear likely, specific deadlines for filing and briefing dispositive motions, in the event that the parties anticipate cross-motions for summary judgment, whether the parties anticipate dispositive motions earlier than the April 15, 2011, deadline, as provided in the contemporaneously entered order, and any other appropriate matters.

As provided in the contemporaneously entered order, the deadline for filing any dispositive motion is April 15, 2011. Any response shall be filed within 28 days of the filing of the motion or by May 13, 2011, if the motion is filed on April 15, 2011. Any reply, if necessary, shall be filed within 14 days of the filing of the response or by May 27, 2011, if the response is filed on May 13, 2011.

No other filings in support of or in opposition to any dispositive motion shall be made except with the express permission of the Honorable John T. Nixon.

There shall be no stay of discovery before the December 17, 2010, deadline for the completion of fact discovery or the March 11, 2011, deadline for completion of expert discovery even if a dispositive motion is filed prior thereto.

In consultation with Judge Nixon's office, a bench trial is scheduled to begin on **Tuesday, September 27, 2011, at 9:00 a.m.,** in Courtroom 774, U.S. Courthouse, 801 Broadway, Nashville, TN. The parties estimate that the trial will last approximately two (2) days.

The parties are directed to contact Ms. Mary Conner, courtroom deputy to Judge Nixon, by 12:00 noon on Friday, September 23, 2011, if this case has settled. Failure to provide such notification in the event the parties have settled the case may result in assessment of costs against the parties and/or their attorneys.

The pretrial conference is also scheduled before Judge Nixon, on **Friday, September 16, 2011, at 10:00 a.m.,** in Chambers, 770 U.S. Courthouse.

By August 19, 2011, counsel shall advise opposing counsel of those portions of any depositions to be read to the jury or those portions of video depositions to be viewed by the jury, in accord with Local Rule 32.01(b) and Rule 26(a)(3)(A)(ii) of the Federal Rules of Civil Procedure, and shall serve a list of the expected witnesses and exhibits in accord with Rule 26(a)(3)(A)(i) and (iii) of the Federal Rules of Civil Procedure.

By August 29, 2011, the parties shall file any motions in limine, any <u>Daubert</u> motions and/or motions relating to expert testimony, any evidentiary objections to deposition testimony, in accord with Local Rules 32.01(b) and 39.01(d)(1) and Rule 26(a)(3)(B), and any objections to proposed exhibits in accord with Rule 26(a)(3)(B).

Any responses to such motions in limine, any responses to any <u>Daubert</u> motions and/or motions relating to expert testimony, and any responses to objections to deposition testimony and proposed exhibits shall be filed by September 9, 2011.

By September 9, 2011, the parties shall also:

       1.      Submit a proposed joint pretrial order;[2]

       2.      Exchange their final lists of witnesses and exhibits;

       3.      File their respective final witness and exhibit lists; and

       4.      File a listing of all agreed stipulation.

---

[2] The pretrial order shall contain (1) a recitation that the pleadings are amended to conform to the pretrial order and that the pretrial order supplants the pleadings; (2) a short summary of the plaintiff's theory (no more than one page); (3) a short summary of the defendant's theory (no more than one page); (4) the issues to be submitted to the Court; (5) any anticipated evidentiary issues; and (6) a statement that the parties have complied with the provisions of this order.

A deadline for filing pretrial briefs will be established at the pretrial conference, if appropriate.

The parties shall premark all exhibits and comply with Local Rule 39.01(c)(4).

It is so ORDERED.

_____
JULIET GRIFFIN
United States Magistrate Judge

4